UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

**FILED**

JUL 2 1 2006

JUL 21 2006

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

| | | |
|---|---|---|
| JANICE SPINELLI,<br>Administrator of the Estate of Phillip<br>Spinelli, | ) ) ) ) | |
| Plaintiff, | ) ) | 04-cv-5866 |
| – vs – | ) ) ) ) ) | MAGISTRATE JUDGE<br>MORTON DENLOW |
| MONUMENTAL LIFE INSURANCE<br>COMPANY, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO:

a.   Require the Plaintiff's Lawyer of Record—Mauro DeFalco—to Withdraw

b.   Permit the undersigned counsel 'Leave of Court To Enter An Appearance' as
substitute counsel for the Plaintiff;

c.   Hold any opinion that is to be rendered- -in abeyance—until a proper brief
on behalf of the Plaintiff can be filed;

d.   Allow the undersigned counsel to file a brief following the 'Trial On The
Papers:' Procedure which this Honorable Court originally anticipated would be
filed by both parties. [The undersigned counsel obtained a copy of the purpose of
this procedure on this Honorable Court's website.]

In support of the above considerations, undersigned counsel states as follows:

1.   Plaintiff Janice Spinelli (herein Spinelli) and Ed Pacilli (herein Pacilli), the former

law partner of the current attorney of record—Mauro DeFalco—contacted the

undersigned counsel a few weeks ago and asked her to represent Spinelli in this

matter.

2.   Spinelli was worried about the case due to the fact that she tried to contact

DeFalco repeatedly within the last several weeks and was unable to communicate with him despite repeated and consistent efforts.

3.   Spinelli turned to Pacilli to learn the reason for the lack of communication with DeFalco as well as to learn the status of her case.

4.   Pacilli informed Spinelli that the two were no longer practicing together; that DeFalco had had a series of strokes and at various times was not functioning in a competent manner in his attorney's duties, which was one of the predominant reasons for a breakup of their partnership. [Exhibit A]

5.   Pacilli further informed Spinelli that DeFalco had her complete file.

6.   The undersigned counsel learned only Tuesday, July 17, 2006—through phone conversations with both opposing counsel Michael Galibois and Mauro DeFalco —that briefs had been submitted by both parties and an opinion was to be rendered on Thursday, July 20, 2006.

7.   The undersigned counsel has since learned that Oral Argument has been rescheduled for August 3, 2006.

8.   Pacilli obtained and faxed the undersigned counsel a copy of what was purported to be the brief filed on behalf of Spinelli. [Exhibit B]

9.   What was presented was a document entitled "Motion for Summary Judgment."

10.   The above referenced document was not in the form of a proper motion, much less one for Summary Judgment.

11.   It is rambling, incoherent and not supported by any authority whatsoever. [Exhibit B]

12.   This document is lacking a concise statement of the facts as well as the issues but more importantly, it did not even hint at what some of the attached exhibits were supposed to have illustrated and why they supported Plaintiff's position that the insurance policy, which is the subject of this litigation, was in effect at the time the Plaintiff's husband died and therefore should have been honored by the Defendant.

13.   Although Mr. DeFalco has expressed his opinion to the undersigned counsel that he did indeed have several strokes but is operating effectively now as an attorney, his "Motion for Summary Judgement" belies such a conclusion.

14.   What was submitted would not have been acceptable for even a *pro se* litigant.

15.   Although this Court, and the undersigned counsel, may feel empathetic for Mr. DeFalco's health concerns, those concerns should not stand in the way of Spinelli receiving competent lawyering and a good faith effort to provide her with the representation she is entitled to in such a serious matter.

16.   Pacilli has known DeFalco for almost a decade, and practiced law with him for about two years.  He is willing to attest to the fact that this is not the level of lawyering DeFalco practiced previously and that the many strokes have had a negative effect on to the quality of his work. [Exhibit A]

17.   Spinelli should be allowed to present an appropriate document, with the facts and law presented in a manner that will enable her to state competently her position in this matter and hopefully avoid protracted litigation in the future, such as Motions to Reconsider and Appeals.

18.   Spinelli has been employed as a nurse her entire adult life.  She is cognizant of the

affects of strokes and would like to substitute attorneys. [Exhibit C]

19.   This state has mandatory withdrawal requirements when an attorney does not

possess the mental and physical requirements to function in a competent manner

whether temporarily or permanently.

20.   These requirements include, but are not limited to, circumstances when an attorney

is in denial about his condition and how it is affecting his work.

21.   *In re Berkos*, 444 N.E.2d 150 (IL. Sup. Ct. 1982) dealt with the failure to

withdraw from representation because of impairment.

22.   Mandatory withdrawal is required when a lawyer's mental or physical condition

renders it unreasonably difficult to carry out employment effectively.  IRPC

1.16(a)(3).

23.   The Illinois Appellate Court noted that these rules were promulgated to provide a

measure of protection to clients.

24.   The undersigned counsel is a comprehensive legal researcher as well as

experienced in brief and dispositive motion writing.

25.   The undersigned counsel will make this matter a top priority in deference to this

Court's docket.

26.   Klingman, the undersigned counsel, will present an appropriate document as

expeditiously as possible so Spinelli does not have to endure being the victim of

deficient counsel.

27.   All these events are an unfortunate circumstance which can be nipped in the bud—

at least in this matter—before any further harm results.

28.   This turn of events should not prejudice the Defendant, nor is it meant to show any

disrespect for this Court or its calendar.

29.   And, it is definitely not meant as a means to harm DeFalco.  It is to safeguard

Spinelli's right for proper representation.

30.   For all the above reasons, Plaintiff prays that this Honorable Court:

a.   Require that DeFalco withdraw from this matter;

b.   Allow the undersigned counsel Leave to Enter An Appearance;

c.   Allow the document filed as a "Motion for Summary Judgment" to be
withdrawn and a substitution made;

d.   Allow Plaintiff to make and file an appropriate presentation of her facts,
issue(s) and authority supporting those issues.

Respectfully submitted,

Lori Klingman

Lori Klingman, Attorney-at-law

Lori Klingman
Attorney-at-law
2626 Lake View Ave.
Chicago, IL 60614
773-248-8062
ARDC #: 6191970

# Exhibit A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **JANICE SPINELLI,** | ) | |
| Administrator of the Estate of Phillip | ) | |
| Spinelli, | ) | |
|  | ) | |
| Plaintiff, | ) | 04-cv-5866 |
|  | ) | |
|  | ) | **MAGISTRATE JUDGE** |
| – vs – | ) | **MORTON DENLOW** |
|  | ) | |
| **MONUMENTAL LIFE INSURANCE** | ) | |
| **COMPANY,** | ) | |
|  | ) | |
| Defendant. | ) | |

### Affidavit of Edward Pacilli

I, EDWARD PACILLI, being first duly sworn on oath, deposes and sayeth that:

1.  I am a member in good standing of the Bar of the State of Illinois.

2.  I have known the Lead Attorney, Mauro DeFalco, in the above captioned matter for approximately ten years.

3.  During two of those years we were partners in our legal practice.

4.  In January, 2005, Mauro DeFalco began having a series of mini strokes which affected his ability to practice law.

5.  DeFalco's incapacitation eventually led to the breakup of our law practice.

6.  When we broke up, DeFalco took Janice Spinelli's file with him since he had been working on the case.

7.  Janice Spinelli asked me to learn the status of her case.

8.  After discussing this matter with DeFalco, I could tell he was not fully recovered from his latest stroke and that another attorney should be called in.

9.  I was also able to obtain a copy of the document Mr. DeFalco filed, titled "Motion for Summary Judgment."

10.    Although I do not do Federal litigation in my practice, I could tell however that the document was sub-standard.

11.    Although I am not a doctor, I could detect that there is a difference in Mr. DeFalco's work as an attorney and that he has not fully recovered.

12.    More importantly, I do not believe when he filed the above referenced document in this matter that Mr. DeFalco was fully functioning as an attorney.

13.    If called upon to testify in court, I will state all the aforementioned.

FURTHER affiant sayeth not.

EDWARD PACILLI

SUBSCRIBED and SWORN to before me this _19_ day of ~~December~~ July, 2001 6

Notary Public

OFFICIAL SEAL
SCOT A LEONARD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 04-12-07

-2-

# Exhibit B

FROM :HOLIDAY INNEXPRESS          FAX NO. :5749684683          Jul. 18 2006 03:06PM  P2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

JUN 1 3 2006

MICHAEL W. ~~~~~~
~~~~, U.S. DISTRICT ~~~~~

JANICE SPINELLI, ADMINITRATOR )
OF THE ESTATE OFR PHILLIP SPINNELL, )
DECEASED. )
              PLAINTIFF, )
                         )
       Vs. )  NO. 04-C-5866
                         )
                         )  JUDGE NORDBERG
                         )
MONUMENTAL LIFE INSURANCE )
COMPANY, )  MAGISTRATE JUDGE DENLOW
                         )
          DEFENDANT )
                         )

## MOTION FOR SUMMARY JUDGEMENT

Now come the Plaintiff Janice Spinnelli administrator of the estate of Phillip Spinnelli, herein after referred to as Janice Spinelli by and thru her Attorney Mauro DeFalco and states as follows;

1) The Plaintiff is the wife of the deceased Phillip Spinelli

2) That upon the death of Phillip she made a claim on a Life Insurance Policy that Phillip took out in June of 1970( exhibit A)

3) At a time in October of 1991 the beneficiary was changed to name Janice K. Lux as the benefices( now known as Janice Spinelli) as the benefices ( Exhibit B)

which various problems were listed (exhibit D)

6) That after Phillip's Death a claim for benefits was made by Janice, his wife, and this claim was denied as it was alleged that the policy had been canceled for non payment and reinstated less that 2 years prior to Phillips death and was not valid. The company tendered a check for premiums that had been paid and this check was not cashed.

7) That in order to make this claim Janice was told she had to tender all policies to the company, this was done and said policy have never been returned and the plaintiff must rely upon copies that she was able to make before sending the original ones to the company.

8) The letter of denial of the claim was received by the Plaintiff (exhibit E ) and is the basis of the contest for benefits under the policy.

9) The policy provided for a Grace Period of 61 days and further stated that the policy would lapse 31 days fowling the grace period and notice to the policy holder, no notice of lapse was ever received by the policy holder (page 5 of the original policy )

10) The Policy further stated that at Page 9 " If you stopping the premiums the Insurance will remain in effect until the fowling.

   The Monthly Anniversary day on which the cash value minus the loan balance (including any accrued interest) will not cover the monthly charge for the following policy month or the

   b) The maturity date.
   (page of the original policy.).

11) The denial of the claim makes no such mention of any of these provisions only that they had cancelled the policy and reinstated same , even though the information provided by them , shows that the premiums had been paid ( see exhibit e)

12) The Plaintiff believes that this policy should have remained in effect without cancellation by its own terms and conditions and that denial of benefits under same were erroneous and should be overturned and the plaintiff should be paid the benefits and her attorney's fees for collection of same.

Respectfully submitted by

Mauro DeFalco, Attorney for the Plaintiff


Mauro DeFalco
881 West Lake Street
Addison, Illinois 60101
ARDC 6198084
630-458-9570

# Exhibit C

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

| | | |
|---|---|---|
| **JANICE SPINELLI,**<br>Administrator of the Estate of Phillip<br>Spinelli, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | 04-cv-5866 |
| | ) <br> ) | MAGISTRATE JUDGE |
| – vs – | ) <br> ) | MORTON DENLOW |
| **MONUMENTAL LIFE INSURANCE<br>COMPANY,** | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

### Affidavit of Plaintiff Janice K. Spinelli

I, JANICE K. SPINELLI, being first duly sworn on oath, deposes and sayeth that:

1.  I am the Plaintiff in the above captioned matter.

2.  I originally retained Mauro DeFalco to handle this matter when he was a law partner of Ed Pacilli, who was a good friend of my deceased husband Phillip Spinelli.

3.  Mr. DeFalco stopped communicating with me and I could not obtain any information about the status of my case.

4.  I finally contacted Ed Pacilli, learned that the two were no longer practicing law together and that Mr. DeFalco had a series of mini strokes.

5.  I was recently provided a copy of a document Mr. DeFalco titled, "Motion For Summary Judgment"

6.  I am a nurse. As a nurse I could see the affects of these strokes in that document.

7.  I need a competent attorney for this matter which is crucial to me.

8.  I do not believe that Mr. DeFalco is in a position to provide the services I require at this time, which seems evident from the document he submitted.

9.  I would like Mr. DeFalco to withdraw from this matter and have Lori Klingman

represent my interests.

10.     If called upon to testify in court, I will state all the aforementioned.

FURTHER affiant sayeth not.

<br>

_Janice K. Spinelli_

IANICE K. SPINELLI

SUBSCRIBED and SWORN to before me this 2o day of July, 2006.

<br>

_Jean Hayman_

Notary Public

<br>

```
OFFICIAL SEAL
JEAN HAYMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/13/09
```

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

| | | |
|---|---|---|
| **JANICE SPINELLI,**<br>Administrator of the Estate of Phillip<br>Spinelli,<br><br>Plaintiff,<br><br>-- vs --<br><br>**MONUMENTAL LIFE INSURANCE<br>COMPANY,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 04-cv-5866<br><br>MAGISTRATE JUDGE<br>MORTON DNLOW |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused a copy of the foregoing Emergency Motion to be served upon:

Michael Brian Galibois
Chittenden Murday & Novotny, LLC
303 West Madison Street — Suite 1400
Chicago, IL 60604

Mauro DeFalco
881 West Lake Street
Addison, Illinois 60101

by facsimile and certified mail before 5 p.m. on July 21, 2006.

*Lori Klingman*
Lori S. Klingman

Lori Klingman
Attorney-at-law
2626 Lake View Ave.
Chicago, IL 60614
773-248-8062
ARDC #: 6191970